**NORTHEAST WOMEN'S CENTER, INC., Plaintiff,**

v.

**Michael McMONAGLE, et al., Defendants.**

**No. 85–4845.**

United States District Court, E.D. Pennsylvania.

Nov. 1, 1990.

---

Edward A. Tiryak, Julie Shapiro, Philadelphia, Pa., for plaintiff.

C.F. Volz, Jr., J.P. Stanton, C. Clark Hodgson, Jr., Christine Smith Torre, Philadelphia, Pa., Thomas J. Short, Oreland, Pa., Daniel M. Gray, Ardmore, Pa., Mark L. Tunnell, West Chester, Pa., for defendants.

## ORDER MODIFYING PERMANENT INJUNCTION OF AUGUST 27, 1990

LOWELL A. REED, Jr., District Judge.

AND NOW, this 1st day of November, 1990, upon consideration of plaintiff's motion for clarification and/or reconsideration (Document No. 399) of this Court's permanent injunction of August 27, 1990, 745 F.Supp. 1082, the testimony and evidence presented at the hearings on plaintiff's tenth and eleventh motions for sanctions, the testimony, evidence and arguments presented at the hearing on the motion for clarification, defendant Michael McMonagle's oral request at the October 19, 1990 hearing to revise paragraph A(9) of the injunction and after review of the written responses that have been filed to date, I have concluded that the language in certain paragraphs of the permanent injunction should be modified.

These modifications allow federal and local law officers to more easily coordinate their respective enforcement duties, recognize the geographic and physical layout of the sites involved, make the terms of the injunction more understandable to the plaintiff and the defendants, constrain any continuing attempt to interfere with the plaintiff's right to be free from tortious interference in its contractual relations with its employees and staff and protect the privacy rights of plaintiff's staff, employees, owners and agents.[1] Accordingly, IT IS ORDERED that:

1. Paragraph A(2) of this Court's permanent injunction of August 27, 1990 is stricken, and replaced with the following language:

A. (2) **At all times on all days,** defendants are prohibited from entering the premises of L.P. Partnership or Comly Road Associates unless they are actually doing business with the Mellon Bank located on those premises.

2. Paragraph A(6) of this Court's permanent injunction of August 27, 1990 is stricken, and replaced with the following language:

A. (6) **During the hours 6:30 a.m. through 5:00 p.m. on Wednesdays, Fridays and Saturdays,** defendants are permitted to maintain no informational table closer than five hundred (500) feet from the plaintiff's property line as designated on the attached plot plan, except that one such table may be located on the sidewalk off the north side of the Comly Road alongside the Northeast Women's Center, at the location marked clearly with visual devices at the point designated on the attached plot plan as Area "A," with no more than one (1) sign attached to it displaying words of an informational, non-inflammatory and non-violent nature. Any two defendants or any two individuals selected by defendants may peacefully maintain the table and may distribute literature or speak to individuals who wish to communicate with them immediately at the table. The individuals who staff this table may not shout out or use sound amplification equipment or physically approach plaintiff's patients or staff, but may engage in communica-

---

1. The findings of fact, conclusions of law and discussion contained in the court's decree issued on October 4, 1990 after the hearing on the plaintiff's tenth motion for contempt (Document No. 436) are adopted herewith for purposes of this adjudication.

tions consisting of conversation of a non-threatening nature with any patient or staff person who choose to approach the table and speak to them. Should any individual decline such communication, otherwise known as "sidewalk counseling," that person shall have the absolute right to leave or walk away, and defendants, as well as all those covered by this restraining order, shall not accompany such person, encircle, surround, harass, threaten or physically or verbally abuse those individuals who choose not to communicate with them. This communication or "sidewalk counseling" shall not limit the right of the Police Department and/or the United States Marshal to maintain public order by reasonably necessary rules and regulations as they decide are necessary at the Center.

3. Paragraph A(7) of this Court's permanent injunction of August 27, 1990 is stricken, and replaced with the following language: [2]

A. (7) **At all times including the times enumerated in paragraphs A(5) & (6),** the defendants, as named above, their officers, agents, servants, employees and attorneys, and all persons acting in concert or participating with, by or through them shall not congregate, demonstrate, counsel, picket, sing, chant, use sound amplification equipment, or engage in any other protest activity within five-hundred (500) feet of the outer perimeter of the property of either the L.P. Partnership or Comly Road Associates as designated on the attached plot plan, except that as many as six (6) persons may peacefully picket on the sidewalk off the north side of Comly Road alongside the Northeast Women's Center, in two areas marked on the attached plot plan as Area "B" on both sides of the driveway. While acting as a picketer, each such person shall be clearly designated by clothing, signs or other plainly visible devices. The driveway designated on the plot plan shall be kept clear at all times for passage of vehicles and pedestrians and shall be clearly marked by plaintiff

with plainly visible devices. Except as limited by this paragraph and paragraphs A(5) and A(6) above, the designated persons picketing on the sidewalk may peacefully demonstrate, speak out, sing or chant on days other than Wednesday, Friday or Saturday.

4. Paragraph A(8) of this Court's permanent injunction of August 27, 1990 is stricken, and replaced with the following language:

A. (8) **At all times on all days,** the defendants are prohibited from carrying out the following acts: (a) entering upon the Northeast Women's Center, L.P. Partnership's or Comly Road Associates' property, including the building, grounds, parking lots, or inner walkways unless they are actually doing business with the Mellon Bank located on those premises; (b) seizing or attempting to seize control of the plaintiff's offices thereon; (c) blocking or attempting to block persons from entering plaintiff's building, grounds or parking lot; (d) physically abusing or tortiously harassing persons entering, leaving, working at, or using the Center's facilities; (e) physically assaulting, battering, encircling or surrounding plaintiff's staff members, employees or patients; and (f) any other actions which have or reasonably might have the effect of intimidating patients, employees or staff members.

5. Paragraph A(9) of the August 27, 1990 injunction is hereby stricken, and replaced by the following language:

A. (9) **At all times on all days,** defendants are prohibited from congregating, picketing, patrolling, demonstrating or using bullhorns or other sound amplification equipment within twenty-five hundred (2500) feet of the residence of any of plaintiff's employees, staff, owners or agents, or blocking or attempting to block, barricade, or in any other manner obstruct the entrances, exits or driveways of the residences of any of the

---

**2.** I have concluded that congregating or marching on any portion of Comly Road creates a safety hazard to both the defendants and the drivers travelling on that road.

plaintiff's employees, staff, owners or agents and are prohibited from inhibiting or impeding or attempting to impede the free ingress or egress of persons to any street that provides the sole access to the street on which those residences are located.

6. Paragraph A(10) of the August 27, 1990 injunction is hereby stricken, and replaced by the following language:

A. (10) **At all times on all days,** defendants are prohibited from encouraging, inciting, or securing other persons to commit any of the prohibited acts listed in parts A(1), (2), (3), (4), (5), (6), (7), (8) or (9) above.

7. Counsel for plaintiff shall immediately serve a copy of this order and the modified permanent injunction upon all counsel of record and all defendants, in person or by leaving a copy with an adult occupant of any residence or business office of counsel and each defendant and shall promptly file a certificate of such service with the Clerk. Defendants whose counsel are so served and counsel so served, and defendants and counsel who receive any other notice of this order, shall be bound by the order from the time of such service or receipt of such notice, whichever is earlier. Counsel for the defendants shall instruct their clients to read the modified injunction and be familiar with the changes contained therein.

8. A modified permanent injunction incorporating these changes is attached.

MODIFIED PERMANENT INJUNCTION

AND NOW, this 1st day of November, 1990, having this date issued an order modifying the August 27, 1990 permanent injunction, 745 F.Supp. 1082, it is hereby ORDERED and DECREED that:

A. The defendants, as named above, their officers, agents, servants, employees and attorneys, and all persons acting in concert or participating with, by, or

through them [1] are hereby PERMANENTLY and FINALLY ENJOINED and RESTRAINED from engaging in the following acts:

(1) **At all times on all days,** defendants are prohibited from entering the premises of the Northeast Women's Center, Inc. located at 2751/2811/2813 Comly Road in Philadelphia, Pennsylvania.

(2) **At all times on all days,** defendants are prohibited from entering the premises of L.P. Partnership or Comly Road Associates unless they are actually doing business with the Mellon Bank located on those premises.

(3) **At all times on all days,** defendants are prohibited from blocking or attempting to block, barricade, or in any other manner obstruct the entrances to the Northeast Women's Center, Inc. or the premises of L.P. Partnership and Comly Road Associates located at the addresses listed above.

(4) **At all times on all days,** defendants are prohibited from inhibiting or impeding or attempting to inhibit or impede the free and unmolested ingress and egress of persons to the Northeast Women's Center, Inc. or the premises of L.P. Partnership and Comly Road Associates located at the addresses listed above.

(5) **During the hours 6:30 a.m. through 5:00 p.m. on Wednesdays, Fridays and Saturdays,** during surgical procedures and recovery periods, no singing, chanting, use of bullhorns, sound amplification equipment, or other sounds or images observable to or within earshot of patients inside the Center are permitted, with the exception of those set forth in paragraph A(6), below.

(6) **During the hours 6:30 a.m. through 5:00 p.m. on Wednesdays, Fridays and Saturdays,** defendants are permitted to maintain no informational table closer than five hundred (500) feet from the plaintiff's property line as designated on the attached

---

**1.** For purposes of brevity, I shall hereafter refer to these individuals as "defendants." The use of this word, however, should not in any way be construed as limiting any portion of this permanent injunction to only those named defendants. It is this Court's clear intention that this permanent injunction shall apply to the defendants, as well as to their officers, agents, servants, employees and attorneys; and to all persons acting in concert or participating with, by, or through them who receive actual notice of this order by personal service or otherwise.

plot plan, except that one such table may be located on the sidewalk off the north side of the Comly Road - alongside the Northeast Women's Center, at the location marked clearly with visual devices at the point designated on the attached plot plan as Area "A," with no more than one (1) sign attached to it displaying words of an informational, non-inflammatory and non-violent nature. Any two defendants or any two individuals selected by defendants may peacefully maintain the table and may distribute literature or speak to individuals who wish to communicate with them immediately at the table. The individuals who staff this table may not shout out or use sound amplification equipment or physically approach plaintiff's patients or staff, but may engage in communications consisting of conversation of a non-threatening nature with any patient or staff person who choose to approach the table and speak to them. Should any individual decline such communication, otherwise known as "sidewalk counseling," that person shall have the absolute right to leave or walk away, and defendants, as well as all those covered by this restraining order, shall not accompany such person, encircle, surround, harass, threaten or physically or verbally abuse those individuals who choose not to communicate with them. This communication or "sidewalk counseling" shall not limit the right of the Police Department and/or the United States Marshal to maintain public order by reasonably necessary rules and regulations as they decide are necessary at the Center.

(7) **At all times including the times enumerated in paragraphs A(5) & (6),** the defendants, as named above, their officers, agents, servants, employees and attorneys, and all persons acting in concert or participating with, by or through them shall not congregate, demonstrate, counsel, picket, sing, chant, use sound amplification equipment, or engage in any other protest activity within five-hundred (500) feet of the outer perimeter of the property of either the L.P. Partnership or Comly Road Associates as designated on the attached plot plan, except that as many as six (6) persons may peacefully picket on the sidewalk off the north side of Comly Road alongside the Northeast Women's Center, in two areas marked on the attached plot plan as Area "B" on both sides of the driveway. While acting as a picketer, each such person shall be clearly designated by clothing, signs or other plainly visible devices. The driveway shall be kept clear at all times for passage of vehicles and pedestrians and shall be clearly marked by plaintiff with plainly visible devices. Except as limited by this paragraph and paragraphs A(5) and A(6) above, the persons designated picketing may peacefully demonstrate, speak out, sing or chant on days other than Wednesday, Friday or Saturday.

(8) **At all times on all days,** the defendants are prohibited from carrying out the following acts: (a) entering upon the Northeast Women's Center, L.P. Partnership's or Comly Road Associates' property, including the building, grounds, parking lots, or inner walkways unless they are actually doing business with the Mellon Bank located on those premises; (b) seizing or attempting to seize control of the plaintiff's offices thereon; (c) blocking or attempting to block persons from entering plaintiff's building, grounds or parking lot; (d) physically abusing or tortiously harassing persons entering, leaving, working at, or using the Center's facilities; (e) physically assaulting, battering, encircling or surrounding plaintiff's staff members, employees or patients; and (f) any other actions which have or reasonably might have the effect of intimidating patients, employees or staff members.

(9) **At all times on all days,** defendants are prohibited from congregating, picketing, patrolling, demonstrating or using bullhorns or other sound amplification equipment within twenty-five hundred (2500) feet of the residence of any of plaintiff's employees, staff, owners or agents, or blocking or attempting to block, barricade, or in any other manner obstruct the entrances, exits or driveways of the residences of any of the plaintiff's employees, staff, owners or agents and are prohibited from inhibiting or impeding or attempting to impede the free ingress or egress of

persons to any street that provides the sole access to the street on which those residences are located.

(10) **At all times on all days,** defendants are prohibited from encouraging, inciting, or securing other persons to commit any of the prohibited acts listed in parts A(1), (2), (3), (4), (5), (6), (7), (8) or (9) above.

B. The United States Marshal's Office is directed to maintain such presence at the above addresses as it deems reasonably necessary in order to assist the court in enforcement of the terms of this order. The Marshal's Office shall:

(1) Post a copy of this order in at least one prominent public location at the above described Comly Road premises, or any other premises necessary to enforce the terms of this injunction, and insofar as practicable, provide or make available to each individual who appears at the above locations for the purpose of picketing, demonstrating, or communicating with patients, staff members or employees a copy of this order, noting in its records, the time and place where provided and, if possible, the identity, description or name and address of the individual who obtains each copy;

(2) Insofar as the Marshal's Office deems appropriate, it may communicate all or any term of this order to persons at the premises by verbal means;

(3) Yield responsibility for maintenance of the peace and the keeping of law and order to local and/or state law enforcement authorities;

(4) Immediately report to the Court the identities of the persons, and events and circumstances which show good cause to believe there have been violations of the terms of this order;

(5) Keep such logs and records as are necessary to record general events, and events and circumstances which show good cause to believe there have been violations of the order;

(6) If so ordered by the Court, and authorized by law, detain for purposes of identification and investigation, and for purposes of transporting them to be brought before the Court, those persons determined by the court based upon good cause shown, to have violated any term of this Order.

C. Sanctions for Non–Compliance:

The defendants, their officers, agents, servants, employees and attorneys, and all persons acting in concert or participating with, by, or through them, including all persons restrained by this order, after notice and hearing, shall be subject to contempt proceeding and the imposition of such sanctions as the court deems proper under the circumstances if it is shown that this order has been violated. These sanctions may include if authorized by law: incarceration or detention, the posting of a bond, a penalty of five thousand dollars ($5,000.00) for each violation, payment of damages and attorneys' fees to plaintiff and such other sanctions against the contemnor as lawfully ordered by the court. The court may impose greater or lesser penalties in the event of aggravating, mitigating or extenuating circumstances.

D. Jurisdiction:

The court retains jurisdiction in this action.

This modified permanent injunction is intended to modify, incorporate and supersede the terms of the permanent and final injunction issued on August 27, 1990 and the injunction issued by the Honorable James McGirr Kelly by his order dated June 8, 1987.

This modified permanent injunction is *not* intended to modify in any way the *judgment,* entered by Judge Kelly by his order dated June 8, 1987 in accordance with the jury's answers to special interrogatories, as it appears in paragraphs 1 & 2 of that order.