NORTHEAST WOMEN'S
CENTER, INC.

v.

Michael McMONAGLE, et al.

Civ. A. No. 85-4845.

United States District Court,
E.D. Pennsylvania.

Jan. 15, 1991.

Edmond A. Tiryak, Philadelphia, Pa., for plaintiff.

Kathryn Kolbert, Women's Law Project, Julie Shapiro, Philadelphia, Pa., for Planned Parenthood, et al.

C. Clark Hodgson, Jr., Stradley, Ronson, Stevens & Young, Philadelphia, Pa., for John J. O'Brien and Patricia McNamara.

Theresa Mallon Connolly, Jenkintown, Pa., for J. Codichini, M. Dwyer, T. McIlhenny, P. McNamara, J. Stanton, P. Varallo, L. Wirtel.

Charles F. Volz, Jr., Philadelphia, Pa., for P. Armes, A. Breen, W. Gies, E. Jones, K. Long, R. Markun, S. Morello, C. Cilcox, J. Wall, H. Tenaglio.

## MEMORANDUM–ORDER

LOWELL A. REED, Jr., District Judge.

Presently before the court is plaintiff's motion for determination of Marshal's fees (Document No. 438). For the reasons outlined below, I have concluded that the United States Marshal's Service (USMS) is entitled to collect from plaintiff the overtime expenses it incurred assisting the court with enforcing the permanent injunction at the Northeast Women's Center (NEWC).[1]

### BACKGROUND

On August 27, 1990, I issued a permanent injunction, which directed the United States Marshal's Service "to maintain such presence at the [NEWC] as it deems reasonably necessary to assist the court in enforcement of the terms of this order." *Northeast Women's Center, Inc. v. McMonagle*, 745 F.Supp. 1082, 1096 (E.D.Pa. 1990). An identical provision was included with the amended permanent injunction issued on November 1, 1990. *Northeast Women's Center, Inc. v. McMonagle*, 749 F.Supp. 695, 700 (E.D.Pa.1990). The presence of the marshals at the site was included in the injunction in response to a specific request by the plaintiff. *See* Plaintiff's Motion for Supplemental Injunctive Relief After Remand, ¶ E (Document No. 343).

In the period following the issuance of the injunction, the USMS assigned two deputy marshals to the Center on Wednesday and Friday and up to six deputy marshals on Saturday. In the process, the USMS incurred overtime, travel and incidental expenses. The USMS first billed the NEWC for expenses related to the injunction on

---

1. The issue of whether these expenses can ultimately be taxed as costs against any or all of the defendants is not decided at this time.

September 10, 1990. Plaintiff does not dispute that the USMS is entitled to be reimbursed for incidental and travel expenses. It does, however, contest the Service's right to overtime expense reimbursement. The overtime expenses resulted from the deputy marshals' presence at the Center outside of their normal working hours.

Plaintiff made a partial payment of the amount demanded and filed this motion to clarify whether the overtime costs were properly assessed against it. Through its motion, plaintiff seeks a determination from the court of the right of the USMS to reimbursement for overtime expenses. The USMS relies on the provisions contained in 28 U.S.C. § 1921 as its legal authority to support the demand for overtime expense reimbursement.

*United States Marshal's Fees and 28 U.S.C. § 1921*

The statutory provisions relied on by the Marshal's Service are relatively new. They were enacted on November 18, 1988 and became effective thirty days later. They provide:

> (a)(1) The United States marshals or deputy marshals shall routinely collect, and the court may tax as costs, fees for the following:
>
>> (H) Overtime expenses incurred by deputy marshals in the course of executing or serving civil process.

28 U.S.C. § 1921(a)(1)(H).

Research by the parties and this court has failed to find any cases interpreting 28 U.S.C. § 1921(a)(1)(H). The interpretation of the statute that follows is, consequently, one of first impression. The amendments, proposed by the United States Justice Department, the parent agency of the USMS, sought to reduce, as far as possible, the use of general tax revenues to pay for the court related services of the marshals and deputy marshals. To that end, after obtaining from Congress the statutory authority contained in 28 U.S.C. § 1921, certain costs incurred by the USMS would be transferred to the identifiable recipient or user of the service where possible. *See* Declaration of Gerald M. Auerbach (Doc-

ument No. 465), ¶ 4 and letter of John R. Bolton at 4.

Section 1921 (a)(1)(H) is typical of the group of amendments enacted in 1988 that increase and transfer the costs associated with private lawsuits from the USMS to the movant in a civil action. For example, charges for serving summons, writs and subpoena were raised from extremely low fixed dollar amounts of one, two and three dollars to a level that allows the service to recover its actual costs. Compare 28 U.S.C. § 1921 before and after the 1988 amendments. Before the recent amendments, 28 U.S.C. § 1921 did not specifically provide for the collection of overtime costs incurred by the deputy marshals executing civil process outside of their normal work hours.

CONCLUSIONS

Plaintiff asserts, and I agree, that the issue in this motion is whether the words "serving or executing civil process" include the Marshal's enforcement of a civil injunction. Plaintiff asserts that 28 U.S.C. § 1921 does not authorize the USMS to charge it overtime expenses. The Justice Department, on behalf of the USMS, argues that such charges are authorized. Both parties cite to Black's Law Dictionary to support their respective positions.

I conclude, contrary to the contention of the plaintiff, that the word "process" is not limited to writs, or orders formally labeled as "writs." As Black's Law Dictionary recognizes, "[i]n its more comprehensive signification [process] includes not only a writ of summons, but all other writs which may be issued during the progress of an action." Legal process includes a "writ, warrant, mandate, or other process issuing from a court of justice, such as an attachment, execution, injunction, etc."

Therefore, I conclude that the overtime expenses incurred by the USMS when its deputies assisted the court in enforcing the terms of the injunction in this case, fall within the term "in the course of executing civil process" as that clause is used in 28 U.S.C. § 1921(a)(1)(H). Initially requiring the plaintiff to pay these expenses is con-

sistent with the legislative purpose of the amendments.

Accordingly, it is hereby ORDERED that the USMS is entitled to collect from plaintiff the overtime expenses of the deputy marshals present at the NEWC outside their normal working hours on Wednesday and Friday and all day Saturday.